967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah SMITH, Defendant-Appellant.
 No. 91-10317.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided June 15, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Deborah Ann Smith appeals her sentence for credit card fraud. She claims the district court used unreliable information in determining her criminal history, departed upward from the guidelines by an unreasonable amount, and erred by failing to state the reasons for the extent of the upward departure. We affirm.
 
 
 3
 * In 1990, Secret Service agents arrested a woman who identified herself as Deborah Ann Smith for attempting to obtain a cash advance with a stolen credit card. Smith eventually pleaded guilty to one count of credit card fraud under 18 U.S.C. § 1029(a)(2).
 
 
 4
 A check of Smith's fingerprint's by the FBI showed that the woman identifying herself as Smith had been arrested under the name Marsha Gail Cole. The FBI report showed that Smith had used nineteen alias names, eight alias dates of birth and seven alias Social Security numbers.
 
 
 5
 The presentence report showed a number of previous convictions and arrests under a variety of names. Smith challenged the accuracy of the report, and the district court held an evidentiary hearing.
 
 
 6
 After the hearing, the district judge concluded that the government presented sufficient information to place Smith in Criminal History Category VI for sentencing purposes. The court departed from the Sentencing Guidelines range of 41 to 51 months and sentenced Smith to 72 months.
 
 II
 
 7
 Smith claims the district court erred by using unreliable information to establish her criminal history category. The Sentencing Guidelines provide the district judge may use "information [that] has sufficient indicia of reliability to support its probable accuracy" in resolving disputes over facts necessary to establish a sentencing range. U.S.S.G. § 6A1.3(a).
 
 
 8
 The government must establish factors used to enhance a sentence by a preponderance of the evidence. See United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). We review the district court's factual findings for clear error. See United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc); 18 U.S.C. § 3742(e).
 
 
 9
 In the presentence report, the probation officer listed a number of convictions and arrests under various names that she attributed to Smith. Smith does not dispute that arrests or convictions occurred; rather, she claims there was not reliable information presented to show that she was the person involved.
 
 
 10
 The probation officer who prepared the report and a Secret Service agent testified that they used Smith's fingerprints to help them determine her criminal record. The fingerprints were sent to the FBI, which matched them with a set on file. In accordance with standard FBI procedure, the set on file had been assigned an identification number.
 
 
 11
 Using that fingerprint identification number, the government used the National Crime Information Center computer system to identify prior arrests and convictions of the person with that FBI number and those fingerprints. The government concluded that based on the fingerprint identification number, Smith was the person involved in the seven convictions listed in the presentence report.
 
 
 12
 Smith, however, argues that information from the NCIC computer is unreliable because it had earlier provided information that turned out to be unrelated to her. The record shows, however, that the earlier records that the government had initially attributed to Smith were obtained by entering Smith's name and suspected aliases, not her FBI number.
 
 
 13
 In one of the seven convictions obtained using Smith's FBI number, records showed that the subject of that case had blond hair. The probation officer testified that the record also showed the subject was black. Smith is black and has black hair. Smith argues that this shows the unreliability of the NCIC system even when FBI numbers are used.
 
 
 14
 The district judge sustained the objection to the use of that conviction. The court noted:
 
 
 15
 With reference to the New York charge in [p] 46, it was shown that that person had blond hair.
 
 
 16
 Well, that doesn't totally eliminate this Defendant, but to the extent that the burden is upon the Government, the Court will give the Defendant the benefit of the doubt, and in that instance will find that there is some doubt that I would have as to the reference in 46, albeit even by way of an FBI number.
 
 
 17
 * * *
 
 
 18
 * * *
 
 
 19
 Yes, we do have to rely on the FBI number. Yes, the FBI number can come up with a wrong person occasionally, but I didn't really find that the Paragraph 46 reference was wrong; the Defendant wearing a lighter color hair at other points in her life.
 
 
 20
 I only gave her the benefit of the doubt in that case, but in all other respects the Government has shown by a preponderance of the evidence, at least as more evidence than not, to show that to the extent that the scientific methods of identification, classification and the like to produce these statistical reports, I'm satisfied that the reports, because they have not been adequately or satisfactorily challenged in any respect, does sustain the Government's proof.
 
 
 21
 The record shows that the government demonstrated the reliability of the NCIC system when FBI numbers are used. The district judge did not clearly err in relying on that information in upholding the use of the convictions.
 
 III
 
 22
 Smith next claims that the district court departed upward from the guideline range by an unreasonable amount. We review upward departures to "determine whether the extent of departure from the applicable Guideline range was 'unreasonable' within the meaning of 18 U.S.C. § 3742(e)(3) and (f)(2), which define the standard of appellate review." United States v. Lira-Barraza, 941 F.2d 745, 747 (9th Cir.1991) (en banc).
 
 
 23
 The district judge found that Smith's criminal history category did not adequately reflect her extensive criminal background. The judge reasoned that because Smith's points were above the minimum needed for Category VI, the highest category, and because the sentence calculation did not include at least two prior convictions and several instances of criminal conduct similar to the instant offense for which she was not convicted, a departure was merited.
 
 
 24
 The Guideline maximum was 51 months; the judge sentenced Smith to 72 months. Smith's argument that the judge's sentence of 72 months is unreasonable because the government recommended 71 months. This one-month departure from the government recommendation does not make the sentence unreasonable.
 
 III
 
 25
 Smith contends the district judge erred by failing to state the reasons for the extent of the upward departure. "To facilitate appellate review the district court's statement should include a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines." Lira-Barraza, 941 F.2d at 751.
 
 
 26
 The judge did explain his rationale for the extent of the departure. The judge noted that because Smith's criminal record was more extensive than necessary for a Criminal History Category VI, he would compensate by sentencing her at two levels above her calculated level. This showed that the judge was departing based on "structure, standard, and policies" of the Guidelines.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3